**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT SIOLESKI,
                Plaintiff,
    v.                                           No. 04-CV-282
                                                      (TJM/DRH)
D. WINCHIP, Corrections Officer; and
C.O. BROWN,
                Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

ROBERT SIOLESKI
Plaintiff Pro Se
No. 03-A-2802
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821-0051

HON. ELIOT SPITZER                    STEVEN H. SCHWARTZ, ESQ.
Attorney General for the                Assistant Attorney General
 State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Robert Sioleski ("Sioleski"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCS employees, violated his constitutional rights under the Eighth Amendment. Compl. (Docket No. 1). Presently pending is

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 14.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are presented in the light most favorable to Sioleski as the non-moving party.  See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

At all relevant times, Sioleski was incarcerated at Great Meadow Correctional Facility.  On November 21, 2003, Sioleski had his hands halfway through his cell bars and was reading legal materials.  Compl. at ¶ 1.  Defendant Winchip then grabbed the materials from Sioleski, causing Sioleski's arms to strike the cell bars.  Id.  On November 23, 2003, Sioleski was taken to the facility hospital for treatment in connection with the November 21 incident.  Defendant Brown was assigned to investigate the allegations made by Sioleski against Winchip.  Docket No. 14, Ex. 8.  Brown reported that after interviewing other inmates, he was "unable to substantiate the allegations made by Inmate Sioleski" against Winchip.  Id.  This action followed.

## II. Failure to Respond

Defendants' notice of motion warned Sioleski that his failure to respond to their motion by setting forth specific facts demonstrating a genuine issue of fact would result in this Court treating the facts asserted by defendants as true and that the motion might be granted absent a response from Sioleski.  Docket No. 14.  Despite this notice and two separate extensions of time for filing a response (Docket Nos. 16, 20), Sioleski has failed to

respond to the motion.[2]

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). Because Sioleski has not responded to raise any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Fact (Docket No. 14) are accepted as true. Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

### III.  Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 250

---

[2] The docket reflects that Sioleski filed a response in opposition to defendants' motion for summary judgment. See Docket No. 18. However, this one-page, purported response, entitled "Response to defendants' statement's," does not directly address the defendants' motion and, therefore, cannot be construed as a response to defendants' motion.

(1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id. However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

## IV. Discussion

Sioleski asserts three causes of action in his complaint. The first alleges that defendant Winchip used excessive force and was deliberately indifferent to Sioleski's medical needs, the second that defendant Brown covered up the actions of Winchip, and the third that defendants failed to conduct a thorough investigation into the alleged abuses. Compl. at 9. Defendants seek summary judgment on all claims.

### A. Exhaustion

Defendants first contend that Sioleski has failed to exhaust his administrative remedies regarding his claim. The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 803(d), 110 Stat. 1321-66, 71 (1996), subjects suits concerning prison conditions brought under federal law to certain prerequisites. Specifically, the PLRA dictates that a prisoner confined to any jail, prison, or correctional facility must exhaust all available administrative remedies prior to bringing any suit concerning prison life, be it in general or of a particular episode. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002). Administrative remedies include all appellate remedies provided within the system. Fletcher v. Haase, No. 99 CIV. 9549 (GEL), 2002 WL 313799, at *1 (S.D.N.Y. Feb. 27, 2002). There may be special circumstances, however, that render administrative remedies unavailable and the exhaustion requirement may be fulfilled by an inmate's reasonable belief that certain actions have sufficed fully to exhaust administrative remedies. Abney v. McGinnis, 380 F.3d 663 (2d Cir. 2004); Giano v. Goord, 380 F.3d 670 (2d Cir. 2004); Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004).

DOCS has established a grievance process which includes a three-stage review and appeal. See N.Y. Correct. Law § 139 (McKinney 2003); N.Y. Comp. Codes R. & Regs. tit.7, § 701.1-.16 (2003). When an inmate files a grievance, it is investigated and reviewed by an Inmate Grievance Resolution Committee ("IGRC"). If the grievance cannot be resolved informally, a hearing is held. The IGRC decision may be appealed to the Superintendent of the facility. Finally, an inmate may appeal the Superintendent's decision to the Central Office Review Committee ("CORC"). N.Y. Comp. Codes R. & Regs. tit.7, § 701.7(a) (2003).

Here, Sioleski states that he filed a grievance regarding the November 21, 2003 incident

with Winchip, but it was returned to him because of confusion over which behavior was being grieved. Compl. at ¶ 9. Sioleski claims that he then filed another grievance against Winchip with the IGRC, but no action was taken. Id. The IGRC Supervisor for Great Meadow, however, states in her Declaration that Sioleski never filed a formal grievance with her office. Docket No. 14, Ex. 22 at 2. On January 8, 2004, Sioleski again attempted to file a grievance regarding the November 21, 2003 incident. However, the grievance was more than fourteen days after the alleged incident and Sioleski agreed to an informal resolution of the issue. See Compl., Ex. I.

There is no dispute that Sioleski never completed the grievance process, including appeals, as to any alleged grievance. Thus, Sioleski has not properly exhausted his administrative remedies and defendants' motion on this ground should be granted.

### B. Eight Amendment

#### 1. Excessive Force

Sioleski contends in his first cause of action that Winchip violated his constitutional rights by pulling Sioleski's arms through the cell bars. Defendants contend that this claim is without merit.

The Supreme Court has established that inmates enjoy the Eighth Amendment protection against the use of excessive force and may recover damages for its violation under 42 U.S.C. § 1983. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976);

Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000).  To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).  The objective element requires a showing that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection."  Id.  However, "the malicious use of force to cause harm constitute[s] [an] Eighth Amendment violation *per se*" regardless of the seriousness of the injuries.  Id. at 263 (citing Hudson, 503 U.S. at 9).   "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Hudson, 503 U.S. at 9-10 (citations omitted).  "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'"  Sims, 230 F.3d at 22  (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

   The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness."  Id. at 262 (citing Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)).  "[T]he 'wantonness' inquiry turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  Id. (quoting Hudson, 503 U.S. at 7).

   Here, Sioleski has not alleged sufficient facts to support an excessive force claim. His allegation that Winchip pulled his arms through the opening in the cell bars is not sufficiently serious to support an Eighth Amendment claim.  Although Sioleski received medical attention after the alleged incident, the records reflect that he only suffered a "superficial abrasion" to his left arm and complained of no other injuries.  Docket No. 14, Ex. 8.

7

Moreover, Sioleski has failed to allege any facts that demonstrate Winchip used force in a malicious or sadistic manner.

Therefore, it is recommended that defendants' motion on this ground should be granted as to Sioleski's first cause of action.

## 2.  Medical Care

Sioleski contends in his first cause of action that Winchip violated his constitutional rights by demonstrating deliberate indifference to Sioleski's medical needs.  Defendants contend that the claim is without merit.

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  More than negligence is required but less than "conduct undertaken for the purpose of causing harm."  Hathaway, 37 F.3d at 66.  The test for a § 1983 claim is twofold.  First, the prisoner must show that there is a sufficiently serious medical need.  Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway, 37 F.3d at 66.  Next, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm.  Id.  Prison officials "who actually knew of the substantial risk to inmate health and safety may be found free from liability if they reasonably responded to the risk, even if the harm ultimately was not avoided."  Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "one that has been diagnosed by a physician as requiring

8

treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (citing Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  An injury that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, and the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition is serious. Chance, 143 F.3d at 702-03.  The ailment may be considered serious if the prisoner has multiple complaints of pain. Williams v. M.C.C. Inst., No. 99-CV-5352, 1999 WL 179604, at *5 (S.D.N.Y. Mar. 31, 1999).

Here, there is no evidence in the record to show that Winchip knew of and disregarded a serious risk to Sioleski's health.  As discussed in Section IV(B)(1) supra, Sioleski's injury, a superficial abrasion to his arm, was not serious and could not be construed as constituting a serious medical need. See Selmon v. North, No. 7:02-CV-287-R, 2004 WL 2421603, at *2 (N.D. Tex. Oct. 28, 2004) ("An abrasion does not constitute a serious medical need."). Therefore, it is recommended that defendants' motion on this ground should be granted as to Sioleski's first cause of action.

### C. First Amendment

Liberally construed, the complaint may also assert a claim for violation of Sioleski's First Amendment right to receive mail. See Compl. at ¶¶ 1-3, 7-8.

An inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Jones

9

v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 125 (1977) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)); see Giano v. Senkowski, 54 F.3d 1050, 1053 (2d Cir. 1995). Thus, a prisoner's right to the "free flow of incoming and outgoing mail is protected by the First Amendment." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Restrictions on inmate mail are warranted only if they further substantial governmental interests of security, order, and rehabilitation. Id. In addition, legal mail and outgoing mail are given greater protection than non-legal mail and incoming mail. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986).

"An isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Davis, 320 F.3d at 351. In order for an inmate to demonstrate a violation, he or she must show that the prison officials' alleged interference was a regular and unjustifiable practice. See Washington, 782 F.2d at 1139; Cancel v. Goord, No. 00-CV-2042, 2001 WL 303713, at *7 (S.D.N.Y. Mar. 29, 2001). Here, Sioleski alleges that on one occasion his mail from Prisoners' Legal Services was taken from him and not returned for four days. Compl. at ¶¶ 2, 7-8. Therefore, the single deprivation alleged by Sioleski fails to state a constitutional violation. Moreover, Sioleski does not allege or prove any actual injury from this incident, nor does he offer any evidence to demonstrate that this was a regular and unjustifiable practice.

Accordingly, viewing the evidence in the light most favorable to Sioleski and to the extent that Sioleski pleads a First Amendment cause of action, the claim is without merit and should be dismissed.

### D. Conspiracy

Liberally construed, Sioleski in his second and third causes of action alleges a conspiracy between Winchip and Brown to "not conduct a thorough investigation" into the November 21, 2003 incident. Compl. at ¶ 9. Defendants contend that Sioleski has failed to state a cognizable claim in either cause of action. To state a claim for relief under 42 U.S.C. § 1985(3), a plaintiff must show

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

Mian v. Donaldson, Lufkin, & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir.1993). Here, Sioleski only makes conclusory allegations of a conspiracy between the defendants. Thus, Sioleski's conspiracy claims must fail. See Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003) (holding that conclusory statements alone cannot support a conspiracy allegation).

Therefore, for these reasons defendants' motion as to Sioleski's second and third causes of action should be granted.

### E. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh

Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)).  Regardless of the nature of the relief sought, in the absence of the State's consent, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.  Halderman, 465 U.S. at 100.

A suit brought against a person in his or her official capacity is to be treated as a suit against the entity represented by that person, provided that the public entity received notice and an opportunity to respond.  Brandon v. Holt, 469 U.S. 464, 471-72 (1985).  In an official capacity action, a governmental entity is liable under § 1983 only when the entity itself is the "moving force" behind the deprivation.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  In other words, "the entity's 'policy or custom' must have played a part in the violation of federal law" for liability to attach.  Id. at 166 (citations omitted); Hafer v. Melo, 502 U.S. 21, 25 (1991).

Here, the entity represented by defendants, DOCS, cannot be found liable under § 1983 for the acts of which Sioleski complains.  Sioleski fails to allege or prove that a policy or custom of DOCS contributed in any way to the alleged constitutional deprivations.  Accordingly, defendants' motion should be granted as to both defendants in their official capacities.

## V. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 14) be

**GRANTED** as to both defendants in all respects as to each cause of action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and Human Servs. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 30, 2006
        Albany, New York

_David R. Homer_
United States Magistrate Judge